Taliaferro, J.
Margaret Babin, one of the heirs of Francois Babin and wife of Wattigny was appointed administratrix of her father’s estate in September, 1873, in place of August Babin, the former administrator, who left the State permanently without making a settlement of his administration. She gave as sureties on her bond Louis Gordon and Frederick Diebel. The conditions upon which they agreed to become her sureties were, that she should give the entire and exclusive control of the business of the estate to Messrs. J. J. & A. J. Roman, attorneys at law. They became her attorneys in fact, also under special power. The attorneys, accordingly, took the affairs of the estate in charge and continued in the settlement of its affairs until January or *115 February, 1874, when the altercation arose which has connected itself with the administration of this estate. On December 23, 1873, the administratrix addressed to her attorneys a letter of revocation of her authority previously given to them to act for her in regard to the estate, This letter, it seems, was delivered to them on the day of its date. She again wrote to her attorneys on the twenty-ninth of January, 1874, rebuking them for presenting a tableau as her attorneys and formally discharging them as such. This letter was delivered to them, as appears by the testimony of a witness, on the day alter it was written. The attorneys filed an account of the administration of the estate on the twenty-fourth of January. The administratrix had previously, on the fifteenth of that month, filed an account which was signed by herself and husband. A number of oppositions were filed to the account presented by the administratrix. The larger number of the opponents prayed that the account filed by the attorneys in her name be homologated. The judge a quo recognized the account filed by the attorneys as the proper and legal one, and proceeded to consider it against the exceptions and opposition of the administratrix. He rendered an order homologating the account allowing a claim of $25 for work done on the property of Francois Babin, which had been disallowed by the attorneys. The oppositions to the account of the administratrix were sustained, and her account made to correspond with the second one as amended by the court. The administratrix has appealed.
We regard the proceedings as wholly irregular. The right of the administratrix to revoke her power of attorney can not be questioned. All acts done by them subsequently to the revocation and notice to them of the revocation can not be considered as binding upon her. The account filed by them was without effect and the court erred in acting upon it.
There are several bills of exception in the record which it is not important in this case to pass on.
It is therefore ordered that the judgment of the Parish Court beannulled and reversed. It is further ordered that the account filed by the attorneys be stricken from the record of the proceedings in the matter of the succession of Francois Babin deceased, and that the following changes and amendments be made in the account filed by the administratrix, viz : The clerk’s opposition is dismissed and his claim for fees be allowed only for $40 55. The opposition of Edwards, curator ad hoc, is sustained and his claim for $40 allowed. In like manner, the opposition of Charvet & Duplantier for attorneys fees is sustained and their claim for $61 85 be allowed. The claim of J. J. & A. J. Roman for $250 is allowed; so also the claim of Kaiser for curbing be allowed for $72 instead of $50, as fixed by the administratrix. The claim of Con *116 nell for paving is allowed for the amount of his bill $141 10. Against the claim of August Babin for $25 for work done for his father Francois Babin, the administratrix offers the prescription of three years. This must prevail. The evidence shows the work was done eight or nine years before the claim was presented. The oppositions of J. J. & A. J. Roman, of Gordon & Diebel, so far as they pray the account of the administratrix to be rejected and stricken out, are overruled as irrelevant.
The opposition of the said Diebel is sustained so far as relates to his claim for notarial fees, and he is allowed the full amount claimed, viz: $73 50 instead of $50 for which he is placed on the tableau. The sheriff’s claim is allowed for $18 70 instead of $10 allowed by the administratrix.
It is lastly ordered that the account of the administratrix, as herein altered and amended, be approved and homologated. The costs of these proceedings to be borne by the succession.